1  HANSON BRIDGETT LLP
   DOROTHY S. LIU, SBN 196369
2  dliu@hansonbridgett.com
   JOSUE R. APARICIO, SBN 322750
3  japaricio@hansonbridgett.com
   425 Market Street, 26th Floor
4  San Francisco, California 94105
   Telephone:  (415) 777-3200
5  Facsimile:  (415) 541-9366

6  *Attorneys for Defendants*
   CEMEX CONSTRUCTION
7  MATERIALS PACIFIC, LLC and
   CEMEX, INC.

8

9              **UNITED STATES DISTRICT COURT**

10   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12  JAVIER GONZALEZ, an individual,       | Case No. 2:22-cv-07041 FLA (JCx)

13           Plaintiff,                   | **MODIFIED ORDER GRANTING
                                          | STIPULATED PROTECTIVE
14           v.                           | ORDER**

15  CEMEX CONSTRUCTION
    MATERIALS PACIFIC, LLC, a             | (Removal from Los Angeles Cty. Sup.
16  Delaware limited liability company;   | Ct. Case No. 22STCV06110)
    CEMEX, INC., a Louisiana
17  corporation; and DOES 1 through 50,   | **Action Filed**:  February 17, 2022
    inclusive,                            | **Action Removed**:  September 28, 2022
18
             Defendants.
19

20

21

22

23

24

25

26

27

28

19844998.1

MODIFIED ORDER GRANTING STIPULATED PROTECTIVE ORDER

1  The Court having reviewed the Parties' joint Stipulated Protective Order

2  (Proposed Order) attached hereto as Exhibit 1 and finding good cause therefor:

3  **IT IS SO ORDERED with the following modifications:**

4  1.  Paragraph 3 of the Proposed Order is modified to read as follows:

5  "The protections conferred by this Order cover not only Protected Material

6  (as defined above), but also (1) any information copied or extracted from Protected

7  Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

8  and (3) any deposition testimony, conversations, or presentations by Parties or their

9  Counsel that might reveal Protected Material, other than during a court hearing or at

10  trial.

11  Any use of Protected Material during a court hearing or at trial shall be

12  governed by the orders of the presiding judge.  This Order does not govern the use

13  of Protected Material during a court hearing or at trial."

14  2.  Paragraph 6.2 of the Proposed Order is modified to replace "37.1"

15  with "37-1".

16  3.  The first sentence of the last paragraph of Paragraph 8 of the

17  Proposed Order is modified to read as follows:  "If the Designating Party timely

18  seeks a protective order, the Party served with the subpoena or court order shall not

19  produce any information designated in this action as 'CONFIDENTIAL' before a

20  determination by the court from which the subpoena or order issued, unless the

21  Party has obtained the Designating Party's permission, or unless otherwise required

22  by the law or court order."

23  4.  The second to last sentence of Paragraph 9 of the Proposed Order is

24  modified to read as follows:  "If the Non-Party timely seeks a protective order, the

25  Receiving Party shall not produce any information in its possession or control that is

26  ///

27  ///

28  ///

19844998.1     MODIFIED ORDER GRANTING STIPULATED PROTECTIVE ORDER

1    subject to the confidentiality agreement with the Non-Party before a determination

2    by the court unless otherwise required by the law or court order.

3          5.   Paragraph 13 is modified to replace "Section 5" with "Section 4."

4

5    Dated:      September 15, 2023                              /s/

6                                                    Honorable Jacqueline Chooljian
                                                     United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:22-cv-07041 FLA (JCx)

19844998.1          MODIFIED ORDER GRANTING STIPULATED PROTECTIVE ORDER

# EXHIBIT 1

# EXHIBIT 1

HANSON BRIDGETT LLP
DOROTHY S. LIU, SBN 196369
dliu@hansonbridgett.com
JOSUE R. APARICIO, SBN 322750
japaricio@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

*Attorneys for Defendants*
CEMEX CONSTRUCTION
MATERIALS PACIFIC, LLC and
CEMEX, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAVIER GONZALEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC, a Delaware limited liability company; CEMEX, INC., a Louisiana corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:22-cv-07041 FLA (JCx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>(Removal from Los Angeles Cty. Sup. Ct. Case No. 22STCV06110)<br><br>**Action Filed**: February 17, 2022<br>**Action Removed:** September 28, 2022 |

Case No. 2:22-cv-07041 FLA (JCx)

19387619.1

STIPULATED PROTECTIVE ORDER

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.1.   Good Cause Statement.   This action is likely to involve confidential employment records, personnel files, and other valuable research, development, commercial, financial, technical and/or proprietary information, trade secrets or customer and pricing information, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential employment records, personnel files, contact information, confidential business practices, and other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of

-1-

discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.      DEFINITIONS

2.1      Action: this pending federal law suit, *Gonzalez v. CEMEX, Inc.*, Case No. 2:22-cv-07041 FLA (JCx).

2.2      Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4      Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5      Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6      Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7      Expert: A person with specialized knowledge or experience in a

1  matter pertinent to the litigation who has been retained by a Party or its counsel to

2  serve as an expert witness or as a consultant in this Action.

3        2.8    House Counsel: Attorneys who are employees of a party to this

4  Action. House Counsel does not include Outside Counsel of Record or any other

5  outside counsel.

6        2.9    Non-Party: Any natural person, partnership, corporation,

7  association, or other legal entity not named as a Party to this action.

8        2.10   Outside Counsel of Record: Attorneys who are not employees of

9  a party to this Action but are retained to represent or advise a party to this Action

10  and have appeared in this Action on behalf of that party or are affiliated with a law

11  firm which has appeared on behalf of that party, and includes support staff.

12        2.11   Party: Any party to this Action, including all of its officers,

13  directors, employees, consultants, retained experts, and Outside Counsel of Record

14  (and their support staffs).

15        2.12   Producing Party: A Party or Non-Party that produces Disclosure

16  or Discovery Material in this Action.

17        2.13   Professional Vendors: Persons or entities that provide litigation

18  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

19  demonstrations, and organizing, storing, or retrieving data in any form or medium)

20  and their employees and subcontractors.

21        2.14   Protected Material: Any Disclosure or Discovery Material that is

22  designated as "CONFIDENTIAL."

23        2.15   Receiving Party: a Party that receives Disclosure or Discovery

24  Material from a Producing Party.

25      3.    SCOPE

26      The protections conferred by this Stipulation and Order cover not only

27  Protected Material (as defined above), but also (1) any information copied or

28  extracted from Protected Material; (2) all copies, excerpts, summaries, or

-3-

19387619.1

STIPULATED PROTECTIVE ORDER

1   compilations of Protected Material; and (3) any testimony, conversations, or

2   presentations by Parties or their Counsel that might reveal Protected Material.

3         Any use of Protected Material at trial shall be governed by the orders of the

4   trial judge. This Order does not govern the use of Protected Material at trial.

5         4.      DURATION

6         Even after final disposition of this litigation, the confidentiality obligations

7   imposed by this Order shall remain in effect until a Designating Party agrees

8   otherwise in writing or a court order otherwise directs. Final disposition shall be

9   deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

10   or without prejudice; and (2) final judgment herein after the completion and

11   exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

12   including the time limits for filing any motions or applications for extension of time

13   pursuant to applicable law.

14        5.      DESIGNATING PROTECTED MATERIAL

15              5.1      Exercise of Restraint and Care in Designating Material for

16   Protection. Each Party or Non-Party that designates information or items for

17   protection under this Order must take care to limit any such designation to specific

18   material that qualifies under the appropriate standards. The Designating Party must

19   designate for protection only those parts of material, documents, items, or oral or

20   written communications that qualify so that other portions of the material,

21   documents, items, or communications for which protection is not warranted are not

22   swept unjustifiably within the ambit of this Order.

23        Mass, indiscriminate, or routinized designations are prohibited. Designations

24   that are shown to be clearly unjustified or that have been made for an improper

25   purpose (e.g., to unnecessarily encumber the case development process or to impose

26   unnecessary expenses and burdens on other parties) may expose the Designating

27   Party to sanctions.

28        If it comes to a Designating Party's attention that information or items that it

-4-

1   designated for protection do not qualify for protection, that Designating Party must

2   promptly notify all other Parties that it is withdrawing the inapplicable designation.

3          5.2    Manner and Timing of Designations. Except as otherwise

4   provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as

5   otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

6   protection under this Order must be clearly so designated before the material is

7   disclosed or produced.

8          Designation in conformity with this Order requires:

9          (a)    For information in documentary form (e.g., paper or electronic

10  documents, but excluding transcripts of depositions or other pretrial or trial

11  proceedings), that the Producing Party affix at a minimum, the legend

12  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

13  contains protected material. If only a portion or portions of the material on a page

14  qualifies for protection, the Producing Party also must clearly identify the protected

15  portion(s) (e.g., by making appropriate markings in the margins).

16         A Party or Non-Party that makes original documents available for inspection

17  need not designate them for protection until after the inspecting Party has indicated

18  which documents it would like copied and produced. During the inspection and

19  before the designation, all of the material made available for inspection shall be

20  deemed "CONFIDENTIAL." After the inspecting Party has identified the

21  documents it wants copied and produced, the Producing Party must determine which

22  documents, or portions thereof, qualify for protection under this Order. Then, before

23  producing the specified documents, the Producing Party must affix the

24  "CONFIDENTIAL legend" to each page that contains Protected Material. If only a

25  portion or portions of the material on a page qualifies for protection, the Producing

26  Party also must clearly identify the protected portion(s) (e.g., by making appropriate

27  markings in the margins).

28         (b)    for testimony given in depositions that the Designating Party identify

-5-                    Case No. 2:22-cv-07041 FLA (JCx)

1   the Disclosure or Discovery Material on the record, before the close of the

2   deposition all protected testimony.

3        (c)    for information produced in some form other than documentary and for

4   any other tangible items, that the Producing Party affix in a prominent place on the

5   exterior of the container or containers in which the information is stored the legend

6   "CONFIDENTIAL." If only a portion or portions of the information warrants

7   protection, the Producing Party, to the extent practicable, shall identify the protected

8   portion(s).

9        5.3    Inadvertent Failures to Designate. If timely corrected, an

10  inadvertent failure to designate qualified information or items does not, standing

11  alone, waive the Designating Party's right to secure protection under this Order for

12  such material. Upon timely correction of a designation, the Receiving Party must

13  make reasonable efforts to assure that the material is treated in accordance with the

14  provisions of this Order.

15      6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

16       6.1    Timing of Challenges. Any Party or Non-Party may challenge a

17  designation of confidentiality at any time that is consistent with the Court's

18  Scheduling Order.

19       6.2    Meet and Confer. The Challenging Party shall initiate the dispute

20  resolution process under Local Rule 37.1 et seq.

21       6.3    The burden of persuasion in any such challenge proceeding shall

22  be on the Designating Party. Frivolous challenges, and those made for an improper

23  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

24  parties) may expose the Challenging Party to sanctions. Unless the Designating

25  Party has waived or withdrawn the confidentiality designation, all parties shall

26  continue to afford the material in question the level of protection to which it is

27  entitled under the Producing Party's designation until the Court rules on the

28  challenge.

19387619.1    STIPULATED PROTECTIVE ORDER

1      7.      ACCESS TO AND USE OF PROTECTED MATERIAL

2          7.1     Basic Principles. A Receiving Party may use Protected Material

3   that is disclosed or produced by another Party or by a Non-Party in connection with

4   this Action only for prosecuting, defending, or attempting to settle this Action. Such

5   Protected Material may be disclosed only to the categories of persons and under the

6   conditions described in this Order. When the Action has been terminated, a

7   Receiving Party must comply with the provisions of Section 13 below (FINAL

8   DISPOSITION).

9          Protected Material must be stored and maintained by a Receiving Party at a

10  location and in a secure manner that ensures that access is limited to the persons

11  authorized under this Order.

12         7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless

13  otherwise ordered by the court or permitted in writing by the Designating Party, a

14  Receiving Party may disclose any information or item designated

15  "CONFIDENTIAL" only to:

16      (a)     the Receiving Party's Outside Counsel of Record in this Action, as well

17  as employees of said Outside Counsel of Record to whom it is reasonably necessary

18  to disclose the information for this Action;

19      (b)     the officers, directors, and employees (including House Counsel) of the

20  Receiving Party to whom disclosure is reasonably necessary for this Action;

21      (c)     Experts (as defined in this Order) of the Receiving Party to whom

22  disclosure is reasonably necessary for this Action and who have signed the

23  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24      (d)     the court and its personnel;

25      (e)     court reporters and their staff;

26      (f)     professional jury or trial consultants, mock jurors, and Professional

27  Vendors to whom disclosure is reasonably necessary for this Action and who have

28  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

Case No. 2:22-cv-07041 FLA (JCx)

19387619.1

STIPULATED PROTECTIVE ORDER

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

1    action as "CONFIDENTIAL" before a determination by the court from which the

2    subpoena or order issued, unless the Party has obtained the Designating Party's

3    permission. The Designating Party shall bear the burden and expense of seeking

4    protection in that court of its confidential material and nothing in these provisions

5    should be construed as authorizing or encouraging a Receiving Party in this Action

6    to disobey a lawful directive from another court.

7         9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

8    PRODUCED IN THIS LITIGATION

9         (a)     The terms of this Order are applicable to information produced by a

10   Non-Party in this Action and designated as "CONFIDENTIAL." Such information

11   produced by Non-Parties in connection with this litigation is protected by the

12   remedies and relief provided by this Order. Nothing in these provisions should be

13   construed as prohibiting a Non-Party from seeking additional protections.

14        (b)     In the event that a Party is required, by a valid discovery request, to

15   produce a Non-Party's confidential information in its possession, and the Party is

16   subject to an agreement with the Non-Party not to produce the Non-Party's

17   confidential information, then the Party shall:

18        (1)     promptly notify in writing the Requesting Party and the Non-

19   Party that some or all of the information requested is subject to a confidentiality

20   agreement with a Non-Party;

21        (2)     promptly provide the Non-Party with a copy of the Stipulated

22   Protective Order in this Action, the relevant discovery request(s), and a reasonably

23   specific description of the information requested; and

24        (3)     make the information requested available for inspection by the

25   Non-Party, if requested.

26        (c)     If the Non-Party fails to seek a protective order from this court within

27   14 days of receiving the notice and accompanying information, the Receiving Party

28   may produce the Non-Party's confidential information responsive to the discovery

1   request. If the Non-Party timely seeks a protective order, the Receiving Party shall

2   not produce any information in its possession or control that is subject to the

3   confidentiality agreement with the Non-Party before a determination by the court.

4   Absent a court order to the contrary, the Non-Party shall bear the burden and

5   expense of seeking protection in this court of its Protected Material.

6          10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

8   Protected Material to any person or in any circumstance not authorized under this

9   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

10  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

11  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

12  persons to whom unauthorized disclosures were made of all the terms of this Order,

13  and (d) request such person or persons to execute the "Acknowledgment and

14  Agreement to Be Bound" that is attached hereto as Exhibit A.

15         11.    INADVERTENT PRODUCTION OF PRIVILEGED OR

16  OTHERWISE PROTECTED MATERIAL

17         When a Producing Party gives notice to Receiving Parties that certain

18  inadvertently produced material is subject to a claim of privilege or other protection,

19  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

20  Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

21  may be established in an e-discovery order that provides for production without

22  prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar

23  as the parties reach an agreement on the effect of disclosure of a communication or

24  information covered by the attorney-client privilege or work product protection, the

25  parties may incorporate their agreement in the stipulated protective order submitted

26  to the court.

27         12.    MISCELLANEOUS

28                12.1   Right to Further Relief. Nothing in this Order abridges the right

-10-

19387619.1   STIPULATED PROTECTIVE ORDER

1  of any person to seek its modification by the Court in the future.

2        12.2   Right to Assert Other Objections. By stipulating to the entry of

3  this Protective Order no Party waives any right it otherwise would have to object to

4  disclosing or producing any information or item on any ground not addressed in this

5  Stipulated Protective Order. Similarly, no Party waives any right to object on any

6  ground to use in evidence of any of the material covered by this Protective Order.

7        12.3   Filing Protected Material. A Party that seeks to file under seal

8  any Protected Material must comply with Civil Local Rule 79-5. Protected Material

9  may only be filed under seal pursuant to a court order authorizing the sealing of the

10  specific Protected Material at issue. If a Party's request to file Protected Material

11  under seal is denied by the court, then the Receiving Party may file the information

12  in the public record unless otherwise instructed by the court.

13       13.   FINAL DISPOSITION

14      After the final disposition of this Action, as defined in Section 5, within 60

15  days of a written request by the Designating Party, each Receiving Party must return

16  all Protected Material to the Producing Party or destroy such material. As used in

17  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

18  summaries, and any other format reproducing or capturing any of the Protected

19  Material. Whether the Protected Material is returned or destroyed, the Receiving

20  Party must submit a written certification to the Producing Party (and, if not the same

21  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

22  (by category, where appropriate) all the Protected Material that was returned or

23  destroyed and (2) affirms that the Receiving Party has not retained any copies,

24  abstracts, compilations, summaries or any other format reproducing or capturing any

25  of the Protected Material. Notwithstanding this provision, Counsel are entitled to

26  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

27  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

28  reports, attorney work product, and consultant and expert work product, even if such

-11-

19387619.1

STIPULATED PROTECTIVE ORDER

1  materials contain Protected Material, pursuant to their document retention policy.

2  Any such archival copies that contain or constitute Protected Material remain

3  subject to this Protective Order as set forth in Section 4 (DURATION).

4          14.     Any violation of this Order may be punished by any and all appropriate

5  measures including, without limitation, contempt proceedings and/or monetary

6  sanctions.

7          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8  DATED:  August 18, 2023                    HANSON BRIDGETT LLP

9

10

11                                  By:  _____
                                              */s/ Josue R. Aparicio*
12                                         DOROTHY S. LIU
                                           JOSUE R. APARICIO
13                                         *Attorneys for Defendants*
                                           CEMEX CONSTRUCTION
14                                         MATERIALS PACIFIC, LLC and
                                           CEMEX, INC.
15

16  DATED:  August 18, 2023                    C&B LAW GROUP LLP

17

18

19                                  By:  _____
                                              */s/ Tiffany Ariavand*
20                                         JACK BAZERKANIAN
                                           TIFFANY ARIAVAND
21                                         *Attorneys for Plaintiff*
                                           JAVIER GONZALEZ
22

23

24

25

26

27

28

-12-                               Case No. 2:22-cv-07041 FLA (JCx)

1

## **SIGNATURE ATTESTATION**

2      The filer of this document attests that all other signatories listed, and on

3  whose behalf the filing is submitted, concur in the filing's content and have

4  authorized the filing.

5  DATED:  August 18, 2023                    HANSON BRIDGETT LLP

6

7

8                                    By: _____
                                              */s/ Josue R. Aparicio*
                                              DOROTHY S. LIU
9                                             JOSUE R. APARICIO
                                              *Attorneys for Defendants*
10                                            CEMEX CONSTRUCTION
                                       MATERIALS PACIFIC, LLC and
11                                            CEMEX, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>EXHIBIT A</u>**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California,

on _____, 2023 in the case of *Gonzalez v. CEMEX, Inc.*, Case No. 2:22-cv-

07041 FLA (JCx). I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

19387619.1

STIPULATED PROTECTIVE ORDER